UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIE STEVENSON,                          )
                                           )
                Plaintiff,                 )
                                           )
        vs.                                )      No. 4:05-CV-190 (CEJ)
                                           )
UNKNOWN McDONALD et al.,                   )
                                           )
                Defendants.                )

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies before filing suit. Plaintiff has filed a response in opposition to the motion.

Plaintiff Willie Stevenson is an inmate confined at the Potosi Correctional Center. In this 42 U.S.C. § 1983 action, he alleges that he was deprived of his breakfast tray and reading glasses because he would not uncover his outside window.[1] He further alleges that the window faces a parking lot and that uncovering it would expose "his naked body, when performing private bodily functions." Defendants Orville McDonald and Gabriel Lashley contend that plaintiff failed to exhaust his administrative remedies before filing suit, and that his complaint must therefore be dismissed.

The Prison Litigation Reform Act (PLRA), requires a prisoner to exhaust all available administrative remedies before bringing an

_____

[1]Plaintiff originally alleged that he was denied a breakfast tray on January 21, 2005. He moves to amend his complaint to add claims that he was again denied a breakfast tray on January 29, January 30, January 31, and February 1, 2005.

action with respect to prison conditions under § 1983. 42 U.S.C. § 1997e(a). When considering motions to dismiss for failure to exhaust under § 1997e(a), the court must look to the time the action was filed to determine whether administrative remedies were exhausted <u>before</u> suit was filed. <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003). If exhaustion was not completed at the time of filing, dismissal is mandatory. <u>Id.</u>

Plaintiff filed this action on January 31, 2005. Defendants submit documents establishing that plaintiff filed an Informal Resolution Request -- the first step in the Department of Corrections' four-step grievance procedure -- on February 3, 2005, **after** he filed suit. In opposing the motion to dismiss, plaintiff does not deny that he filed suit before exhausting his remedies. The Court thus finds that plaintiff has failed to satisfy the PLRA's exhaustion requirement.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for failure to exhaust administrative remedies [#26] is **granted.**

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **dismissed without prejudice**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2005.

- 2 -